UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KENNETH LEE CRONK,

                    Plaintiff,

          v.

CITY OF WEST RICHLAND, ET AL.,

                    Defendants.

No.  4:14-CV-5041-EFS

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

     Before the Court, without oral argument, is Defendants' Motion for Partial Summary Judgment, ECF No. 23.  Defendants seek dismissal with prejudice of all of Plaintiff's state law claims because Plaintiff failed to comply with the notice requirements of RCW 4.96.020.  Plaintiff opposes the motion.  ECF No. 28.  Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motion for partial summary judgment.

## I.    INTRODUCTION

     Plaintiff Kenneth Cronk sued the City of West Richland and several city officers and employees in both their official and personal capacities.  Complaint, ECF No. 1.  He asserts federal claims under 42 U.S.C. §§ 1983 and 1985 and pendent state law tort claims.  *Id.*  The issues currently before the Court in this motion for partial summary judgment pertain only to Plaintiff's state law claims.  The

ORDER - 1

Court must determine the following:  (1) Was Mr. Cronk required to comply with the notice requirements of RCW 4.96.020 in order to pursue his state law claims against Defendants? (2) If so, did Mr. Cronk comply with the notice requirement?  (3) If not, did Defendants waive their lack-of-notice defense?  The first issue is a legal one, the second is factual, and the third is a mixed question of law and fact. As explained further below, the Court will grant summary judgment if it resolves all legal issues in Defendants' favor and finds there is no genuine issue of material fact.

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party opposing summary judgment must point to specific facts establishing a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).  If the non-moving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary-judgment motion. *Celotex Corp.*, 477 U.S. at 322.

When considering this motion, the Court (1) believed the undisputed facts[1] and the non-moving party's evidence, (2) drew all justifiable inferences therefrom in the non-moving party's favor, (3) did not weigh the evidence or assess credibility, and (4) did not

---

[1] The parties failed to file a Joint Statement of Uncontroverted Facts no later than three days after service of the reply, as required by the Court's Scheduling Order, ECF No. 10, at 4, and are reminded of the requirement to do so with any future summary judgment motions.

ORDER - 2

accept assertions made by the non-moving party that were flatly contradicted by the record. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

**A. Applicability of RCW 4.96.20's Notice Requirement**

RCW Chapter 4.96 governs actions under state law against local government entities, including cities. It provides that cities "shall be liable for damages arising out of their tortious conduct or the tortious conduct of their past or present officers, employees, or volunteers while performing or in good faith purporting to perform their official duties, to the same extent as if they were a private person or corporation." RCW 4.96.010. At least sixty days prior to filing a lawsuit asserting tort claims against a city or its employees, an individual must file a claim for damages with the city. RCW 4.96.020. Section 4.96.020 requires that all claims for damages be presented on the standard tort claim form and delivered to the city's appointed agent. By the plain language of RCW 4.96.20, Plaintiff's state law claims against the City of West Richland are subject to RCW 4.96.020's notice requirement. Plaintiff does not assert otherwise.

However, Plaintiff argues that his claims against the individual Defendants, who are employees or officers of the City of West Richland, are not governed by RCW 4.96.020 because the individual Defendants acted with personal malice, which places their actions outside the scope of their employment. ECF No. 28, at 3. Plaintiff relies on *Kephart v. Genuity, Inc.*, 136 Cal. App. 4th 280 (Cal. Ct.

App. 2006).    In that case, the California Court of Appeals, in analyzing whether an employer was vicariously liable for an employee's torts, stated that an employer "may be, but will not necessarily be, held vicariously liable for an employee's torts that are willful, malicious, or criminal." *Id.* at 292.    However, the present case is not governed by the decision of a California appellate court.

In Washington, "[a]n employee's conduct will be outside the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Robel v. Roundup Corp.*, 148 Wn.2d 35, 53 (2002) (quoting Restatement 2d of Agency § 228(2) (1958)) (internal quotation marks omitted).    "An employer can defeat a claim of vicarious liability by showing that the employee's conduct was (1) intentional or criminal and (2) outside the scope of employment." *Id.* (internal quotation marks and emphasis omitted).    However, intentional or criminal conduct is not per se outside the scope of employment. *Id.*

Here, Plaintiff failed to demonstrate that there is a genuine dispute of material fact as to whether the individual Defendants acted outside the scope of their functions as officers or employees of the city when committing the alleged wrongs against him.    Plaintiff does not explain why or how he believes the individual Defendants' actions fall outside the scope of their employment.    Plaintiff also has not fulfilled Federal Rule of Civil Procedure 56(c)(1)'s requirement that he cite to "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Bhan v. NME Hosps., Inc.*, 929 F.2d 1404,

1    1409 (9th Cir. 1991) ("the opposing party may not rely on denials in

2    the pleadings but must produce specific evidence, through affidavits

3    or admissible discovery material, to show that the dispute exists.").

4        Instead, Plaintiff states that the deposition of the Chief of

5    Police "will contradict specific facts that are attested to in the

6    attached Declaration of Plaintiff," and that the same deposition

7    "directly contradicts Defendants response to a specific Interrogatory

8    Response and facts therein." ECF No. 28, at 3. Plaintiff provided no

9    explanation of the subject of the deposition testimony, and he

10   declined to attach the deposition transcript to his response because

11   the Police Chief had not yet signed and approved it. *Id.* It is not

12   clear why Plaintiff was unable to obtain approval of the deposition

13   transcript and provide it to the Court within the time provided for

14   his response, or, failing that, seek an extension of time to provide

15   the transcript. More importantly, it is not clear what the deposition

16   transcript says or how it supports, or even relates to, Plaintiff's

17   arguments on the issue of RCW 4.96.020 notice. The mere fact that

18   additional evidence exists does not, without more, create a genuine

19   issue of material fact, and the Court declines to find that a genuine

20   dispute exists on the sole basis of Plaintiff's vague and confusing

21   references to a deposition transcript that has not been provided to

22   the Court. Accordingly, the Court finds that RCW 4.92.020's notice

23   requirement applies to Plaintiff's state law claims against the City

24   of West Richland and the individual Defendants.

25   //

26   /

**B.    Whether Notice Was Filed**

The City of West Richland appointed the City Clerk as the agent to receive notice of tort claims provided pursuant to RCW 4.96.020. Decl. of Julie Richardson, ECF No. 26, at ¶ 4; Resolution No. 20-07, ECF No. 26-1.   The City Clerk has never received a notice of tort claim form from Mr. Cronk or from anyone else on his behalf.   *Id.* at ¶¶ 8-11.   Plaintiff's response brief does not assert that he filed the required notice, nor does it provide any evidence to contradict Defendants' evidence that no notice was received.   The Court finds that there is no genuine dispute that Plaintiff failed to provide the required notice.

**C.    Waiver[2] and Estoppel**

Plaintiff seems to argue that Defendants are estopped from asserting his lack of compliance with RCW 4.96.020 as a defense because city officials never told him that he needed to file a notice of tort claim, even though he expressed his complaints at multiple city council meetings and informed the mayor that he would be compelled to seek judicial intervention.   ECF No. 28, at 4.   Plaintiff does not assert that Defendants in any way misled him into believing he need not comply with the notice requirement; he simply argues that they did not inform him of it.   *Id.*   However, Defendants were not required to inform Plaintiff about the requirement that he file a notice of tort claim form before commencing suit.   *See* RCW 4.96.020

---

[2] Defendants asserted a defense based on RCW 4.96.020 in their Answer, stating "plaintiff has failed to comply with RCW 4.96 et seq. which is a necessary condition precedent to commencing and maintaining this action," Answer, ECF No. 6, at 7, so Plaintiff cannot argue Defendants failed to comply with Federal Rule of Civil Procedure 8(c).

ORDER - 6

1  (containing no requirement of notice to potential claimants); *see also*

2  *Woods v. Bailet*, 116 Wash. App. 658, 667–68 (Wash. Ct. App. 2003)

3  (holding that a plaintiff who exercised due diligence would have

4  discovered that Chapter 4.96 applied to a quasi-municipal corporation,

5  even though it was not apparent from the corporation's name that is

6  was a government entity).  Defendants are not estopped from asserting

7  RCW 4.96.020's notice requirement as a defense to Plaintiff's state

8  law claims.

9      Plaintiff also appears to argue that Defendants should not be

10  permitted to assert the lack of notice against him because they had

11  provided him with a Notice of Trespass prohibiting him from accessing

12  City Hall.  ECF No. 28, at 5.  The Court has reviewed the Notices of

13  Trespass provided by Plaintiff.  ECF Nos. 32-4 & 32-5.  The first

14  Notice of Trespass, dated June 19, 2012, prohibits Plaintiff from

15  entering the "City of West Richland City Hall, Business Offices and

16  City Council Chambers."  ECF No. 32-4.  However, the Notice dated

17  August 19, 2012, states, in addition to the above prohibitive

18  language, "If you need to conduct any city business, please contact

19  West Richland Police Chief Brian McElroy at 967-3425 and he will

20  assist you."  ECF No. 32-5.  Therefore, as of August 19, 2012,

21  Plaintiff was on notice that he could arrange to conduct city business

22  through Police Chief McElroy, and the Complaint in this case was not

23  filed until March 27, 2014, more than sixty days after August 19,

24  2012.  Plaintiff had adequate time to contact Police Chief McElroy and

25  arrange to file a notice of tort claim prior to filing the instant

26  lawsuit.

1    Furthermore, Plaintiff could have provided the required notice

2  at any time without going through Police Chief McElroy simply by

3  asking a friend or family member to deliver his completed tort claim

4  form to the City Clerk or by mailing the form, as is provided for in

5  the statute.  RCW 4.96.020(2) ("A claim is deemed presented when the

6  claim form is delivered in person or is received by the agent by

7  regular mail, registered mail, or certified mail, with return receipt

8  requested").  Plaintiff has failed to articulate a genuine issue of

9  fact as to whether Defendants' Notice of Trespass prevented him from

10 filing the required notice.

11                        **IV.    CONCLUSION**

12    The Court finds that Plaintiff was required by RCW 4.96.020 to

13 provide a notice of tort claim to the City Clerk and then to wait

14 sixty days before commencing suit because RCW 4.96.020's notice

15 requirement applies to all of his state law tort claims against all of

16 the Defendants in this matter.  Plaintiff undisputedly did not provide

17 the required notice, and Defendants are not estopped from asserting,

18 nor have they waived, RCW 4.96.020's notice requirement as a defense.

19    Accordingly, **IT IS HEREBY ORDERED**:

20    **1.**    Defendants' Motion for Partial Summary Judgment, **ECF No.**

21         **23**, is **GRANTED**.

22    **2.**    Plaintiff's state law claims for defamation, libel,

23         slander, outrage, and intentional and negligent infliction

24         of emotional distress are **DISMISSED with prejudice.**

25    **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this

26 Order and provide copies to all counsel.

ORDER ~ 8

1          **DATED** this 26th day of February 2015.

2

3                              s/Edward F. Shea
                              ———————————————————————
                                EDWARD F. SHEA
4                    Senior United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26