UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH CRONK,<br><br>       Plaintiff,<br><br>  v.<br><br>CITY OF WEST RICHLAND, DONNA NOSKI, BRONSON BROWN, and BRIAN MCELROY, in their official and individual capacities,<br><br>       Defendants. | No.  4:14-CV-5041-EFS<br><br>**ORDER MEMORIALIZING THE COURT'S RULING** |

  During trial on July 20, 2016, the Court granted in part Defendants' Motion for Judgment as a Matter of Law, ECF No. 162. This order supplements the Court's oral ruling dismissing Plaintiff's Conspiracy to Interfere with Civil Rights Claim, pursuant to 42 U.S.C § 1985(2), for lack of evidence or reasonable inferences therefrom that such a conspiracy existed. On the evidence in the record, no reasonable jury could find such a conspiracy existed.

  During the Court's oral ruling granting the motion of the Defendants' to dismiss Plaintiff's claim under 42 U.S.C. § 1985(2), the Court stated it believed that Plaintiff had stated in his trial brief that the three Defendants erroneously believed that a court would deal with the issue of the Notice of Trespass, noting that

ORDER - 1

statement was contrary to the theory advanced that Defendants conspired to use intimidation by the Notices of Trespass to deter him from attending court proceedings as a party.

In Plaintiff's Trial Brief, ECF No. 142 at 24, counsel wrote: "In this case, the defendants assumed wrongfully that their acts and course of conduct would undergo the scrutiny of both a judge and a jury." This statement was made in the discussion of Qualified Immunity by counsel. That is the statement that the Court was referring to in its oral decision.

Also, counsel for Plaintiff has asserted that the decision of the US Marshal's courthouse security officer was the product of a conspiracy by the Defendants. Plaintiff did not call any witness from the US Marshal's Office. However, Counsel described as a "sham" a note of Defendant McElroy about a telephone conference with that security officer, pointedly questioning the truth of the notation by Defendant McElroy that chambers staff had discovered the Notice of Trespass in the files. To the contrary, in *Cronk v. City of West Richland*, CV-12-5094-TOR, ECF No. 9, is a Declaration by Chief McElroy dated July 31, 2012. That case was filed by Plaintiff in federal court in Richland on July 18, 2012. That declaration details the facts related to Mr. Cronk, including the issuance of the June Notice of Trespass. It was filed by counsel for the City of West Richland and submitted to the judge in that case in opposition to Mr. Cronk's request for a Protective Order against the West Richland Police Department. That declaration would in the normal course of court business have been read by members of the chambers of that judge. That declaration was

ORDER - 2

1 filed weeks before the service of the second Notice of Trespass date
2 August 29, 2012, in the U.S. Courthouse in Richland, as requested by
3 Plaintiff. That declaration was a matter of public court record of
4 which both Plaintiff and counsel were presumably aware and bears a
5 certificate of electronic service on Mr. Cronk.

6     Accordingly, **IT IS HEREBY ORDERED**: for the reasons stated in
7 Court and in this order, Defendants' Motion for Judgment as a Matter
8 of Law, **ECF No. 162**, is **GRANTED IN PART** (§ 1985 Claims & Punitive
9 Damages) and **RESERVED IN PART** (First and Fourteenth Amendment Claims).

10     **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this
11 Order and provide copies to all counsel.

12     **DATED** this  20th   day of July 2016.

13

14                        s/Edward F. Shea
                           EDWARD F. SHEA
15                 Senior United States District Judge

16

17

18

19

20

21

22

23

24

25

26

Q:\EFS\Civil\2014\5041.ord.supp.ruling.lc2.docx

ORDER **-** 3