UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KENNETH CRONK,                          No.  4:14-CV-5041-EFS

                    Plaintiff,

          v.

CITY OF WEST RICHLAND, et al.,

                    Defendants.

---

FINAL JURY INSTRUCTIONS GIVEN BY THE COURT

---

**DATED** this _21st_ day of July 2016.


_____s/Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge

JURY INSTRUCTIONS - 1

**INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I have said, or may say or do, as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 2**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

**INSTRUCTION NO. 3**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**INSTRUCTION NO. 4**


The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

**INSTRUCTION NO. 5**


In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 6**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**INSTRUCTION NO. 7**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe

anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 9**

The plaintiff brings his claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**INSTRUCTION NO. 10**

In order to prevail on his § 1983 claim against the defendant Donna Noski, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction 11, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 11**

As previously explained, the plaintiff has the burden to prove that the acts of the defendant Donna Noski deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the First Amendment to the Constitution when she issued the "Notices of Trespass" against the plaintiff.

Under the First Amendment, a citizen has the right to free expression and to petition the government. In order to prove the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.  the plaintiff engaged in speech protected under the First Amendment;
2.  the defendant took action against the plaintiff; and
3.  the plaintiff's protected speech was a substantial or motivating factor for the defendant's action.

A substantial or motivating factor is a significant factor.

**INSTRUCTION NO. 12**

In order to prevail on his § 1983 claim against the defendant Bronson Brown, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction 13, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 13**

As previously explained, the plaintiff has the burden to prove that the acts of the defendant Bronson Brown deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the First Amendment to the Constitution when he issued the "Notices of Trespass" against the plaintiff.

Under the First Amendment, a citizen has the right to free expression and to petition the government. In order to prove the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff engaged in speech protected under the First Amendment;
2. the defendant took action against the plaintiff; and
3. the plaintiff's protected speech was a substantial or motivating factor for the defendant's action.

A substantial or motivating factor is a significant factor.

**INSTRUCTION NO. 14**


In order to prevail on his § 1983 claim against the defendant Brian McElroy, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction 15, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 15**

As previously explained, the plaintiff has the burden to prove that the acts of the defendant Brian McElroy deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the First Amendment to the Constitution when he issued the "Notices of Trespass" against the plaintiff.

Under the First Amendment, a citizen has the right to free expression and to petition the government. In order to prove the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff engaged in speech protected under the First Amendment;

2. the defendant took action against the plaintiff; and

3. the plaintiff's protected speech was a substantial or motivating factor for the defendant's action.

A substantial or motivating factor is a significant factor.

**INSTRUCTION NO. 16**


In order to prevail on his § 1983 claim against defendant City of West Richland alleging liability based on the act of a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Donna Noski acted under color of state law;

2. the acts of Donna Noski deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

3. Donna Noski had final policymaking authority from defendant City of West Richland concerning these acts.

4. when Donna Noski engaged in these acts, she was acting as a final policymaker for defendant City of West Richland.

5. the acts of Donna Noski caused the deprivation of the plaintiff's rights; that is, Donna Noski's is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law ordinance or regulation.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instructions 10 and 11, your verdict should be for the plaintiff. If, on the other hand, the

plaintiff has failed to prove any one or more of these elements, your
verdict should be for the defendant.

**INSTRUCTION NO. 17**

Threats of physical violence are not protected speech.

**INSTRUCTION NO. 18**


Some of the government buildings at issue in this case are limited public forums. In a limited public forum, a person is not entitled to exercise First Amendment rights whenever and wherever they wish. Other government buildings in this case are public buildings, not public forums. The government has a legitimate interest in keeping both types of government buildings and the people in them safe. The government's decision to restrict access to government buildings for public safety reasons must be reasonable and not an effort to suppress expression merely because the public officials oppose the speaker's view. In determining the reasonableness of the government's restriction of access to a government building, you should consider the purpose of the government building and all the surrounding circumstances.

**INSTRUCTION NO. 19**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was proximately caused by the deprivation of his First Amendment rights by one or more of the defendants. You should consider the following:

1. The nature and extent of the injuries;

2. The loss of enjoyment of life experienced; and

3. The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**INSTRUCTION NO. 20**

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result of or a reasonably probable consequence of the act or omission.

**INSTRUCTION NO. 21**


The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

1

2

**INSTRUCTION NO. 22**

3

4       The law that applies to this case authorizes an award of nominal

5   damages. If you find for the plaintiff but you find that the plaintiff

6   has failed to prove damages as defined in these instructions, you must

7   award nominal damages. Nominal damages may not exceed one dollar.

**INSTRUCTION NO. 23**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 24**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or social media application. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would

1  require the entire trial process to start over. If any juror is

2  exposed to any outside information, please notify the court

3  immediately.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTION NO. 25**


If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

**INSTRUCTION NO. 26**

A verdict form has been prepared for you. You are to follow the instructions stated on the verdict form in delivering your verdict. After you have reached a unanimous agreement on each question you are instructed to answer on the verdict form. Your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.