1

2

3

4

5                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
6

7  KENNETH LEE CRONK,                    No.  4:14-CV-5041-EFS

8                     Plaintiff,

                                         **ORDER DENYING PLAINTIFF'S MOTION**
9            v.                          **FOR NEW TRIAL**

10  CITY OF WEST RICHLAND, a municipal
   corporation; MAYOR DONNA NOSKI, in
11  her official and personal
   capacity, CITY ATTORNEY BRONSON
12  BROWN, in his official and
   personal capacity, POLICE CHIEF
13  BRIAN MCELROY, in his official and
   personal capacity, TONY BENEGAS,
14  in his official and personal
   capacity, RICHARD BLOOM, in his
15  official and personal capacity,
   GAIL BROWN, in her official and
16  personal capacity, BRENT GERRY, in
   his official and personal
17  capacity, RON HAYDEN, in his
   official and personal capacity,
18  ROBERT PERKES, in his official and
   personal capacity, RICH BUEL, in
19  his official and personal capacity
   and DOES 1-25,
20
                      Defendants.
21

22

23          Before the Court, without oral argument, is the Plaintiff's Motion

24  for New Trial, ECF No. 185, asking the Court to set aside the jury

25  verdict and order a new trial on the grounds that (1) the testimony of

26  two witnesses was perjured; (2) the Court erred by granting judgment as

ORDER - 1

a matter of law as to Plaintiff's claims under § 1985; (3) the notices of trespass in the case are facially invalid under the First and Fourteenth Amendments; (4) the notices are invalid under state and local law; (5) the jury instructions were flawed; and (6) the Verdict, ECF No. 179, is contrary to the weight of the evidence. Defendants oppose the Motion. ECF No. 187. After reviewing the submitted materials and relevant authority, the Court is fully informed. As is explained below, the Court **denies** Plaintiff's motion.

I.    **Background and Procedural History**

Mr. Cronk has been a citizen of West Richland for over 30 years and was a regular attendee of the West Richland City Council meetings. ECF No. 166, at 3. He has over 25 years of law enforcement experience — including military service with the Army Military Police and time on the Hanford Patrol — and is familiar with firearms. ECF No. 166, at 3, 8. Mr. Cronk attended 11 city council meetings between April 2008 and November 2013. ECF No. 166, at 3. During the public comment period of these meetings, Mr. Cronk spoke regarding incidents with the police that had occurred at his home. *See* ECF No. 166, at 3.

According to Mr. Cronk, in 2006 and 2007 encounters with the police occurred at his home that involved his son, a "mentally disabled third party," and Mr. Cronk's wife, and the encounters resulted in the hospitalization of Ms. Cronk and criminal citations being issued to Mr. Cronk's wife and son. *See* ECF Nos. 56 & 73. Mr. Cronk believes that the police investigation related to those encounters was improper and insufficient. ECF Nos. 56 & 73. City officials, including Defendant

Mayor Noski, have looked into the matter and determined that there was nothing the City could do. *See* ECF No. 166, at 4.

On June 8, 2012, another incident occurred involving police at Mr. Cronk's home. ECF No. 166, at 6-7. Mr. Cronk had called the Washington Department of Social and Health Services and allegedly threatened employees there and other government officials. ECF No. 166, at 6-7. As a result, the police were dispatched to Mr. Cronk's home. ECF No. 166, at 6-7. Police arrived and transported Mr. Cronk to the hospital for a mental health evaluation. ECF No. 166, at 7.

As a result of that incident and Mr. Cronk's alleged threats, Defendants Police Chief McElroy and Mayor Noski believed that Mr. Cronk was a public safety concern. ECF No. 56, at 10-12. After consulting with the city attorney, they decided to "trespass" Mr. Cronk from city property. ECF No. 166, at 7-8. The City claims that trespassing Mr. Cronk was preferred over a criminal citation or a restraining order because it was less intrusive. ECF No. 166, at 8; ECF No. 182, at 37. A notice of trespass was delivered to Mr. Cronk on June 19, 2012. ECF No. 166, at 2, 7. This notice was a complete bar to entry onto city property at 3801 W. Van Giesen Street (City Hall and Public Works). ECF No. 166, at 3, 7.

In July 2012, Mr. Cronk filed a lawsuit against the City. ECF No. 166, at 7; *see also* Complaint, *Cronk v. City of West Richland*, No. 12-CV-5094-TOR (E.D. Wash. July 18, 2012) ECF No. 1. Mr. Cronk claims that at some point during the pendency of that lawsuit the U.S. Marshals Service instituted a policy requiring Mr. Cronk to advise security in advance of his presence in the federal courthouse. ECF No. 1, at 16.

When present, Mr. Cronk claims that he was required to be accompanied by a deputy U.S. Marshal or other security personnel. ECF No. 1, at 16.

In prosecuting that federal case, Mr. Cronk would routinely deliver documents to West Richland City Hall. ECF No. 166, at 6. In July 2012, Mr. Cronk delivered a set of documents to Ms. Richardson, a clerk at West Richland City Hall. ECF No. 56, at 8. Ms. Richardson alleges that during their conversation, Mr. Cronk said something to the effect that he "had to take medications so that he doesn't think about shooting people." ECF No. 56, at 8. Ms. Richardson reported this statement to her superiors. ECF No. 56, at 8. Mr. Cronk adamantly denies the allegation. ECF No. 78-1 ¶¶ 37-38. He claims that he has never threatened any governmental employee. ECF No. 78-1 ¶¶ 37-38. He agrees that he stated his displeasure and that he "had the right to 'sue' each of the departments or agencies." ECF No. 78-1 ¶¶ 37-38.

As a result of Mr. Cronk's encounter with Ms. Richardson, a second notice of trespass was issued on August 29, 2012, which covered 3803 (Police Station) and 3805 (Public Library) W. Van Giesen Street. ECF No. 166, at 2-3, 7. City Council meetings were held at the public library. ECF No. 166, at 7. Police Chief McElroy served the second notice on Mr. Cronk on August 30, 2012. ECF No. 166, at 2. This notice also included a provision allowing Mr. Cronk to access city services and facilities by contacting Chief McElroy.

On November 5, 2013, after the second notice of trespass was issued, Mr. Cronk attended a City Council meeting at the library to inquire as to why he was trespassed. ECF No. 166, at 4. The City Council informed him that they would look into it and have an answer at their

next meeting. ECF No. 166, at 4. At the next meeting on November 19, 2013, Mr. Cronk again asked why he was trespassed. ECF No. 166, at 4. The Council referred him to Chief McElroy. ECF No. 166, at 4. Mr. Cronk was not asked to leave either of these Council meetings. ECF No. 166, at 8. After the second meeting, however, Chief McElroy wrote to Mr. Cronk and reiterated that Mr. Cronk was allowed to go to the meetings but needed to contact the Chief before he did so. ECF 56, at 21.

On March 27, 2014, Mr. Cronk brought this lawsuit, claiming that under 42 U.S.C. § 1983 the notices of trespass were a violation of his First and Fourteenth Amendment rights. ECF No. 1. He further claimed a conspiracy by government officials to deprive him of said rights under 42 U.S.C. § 1985, but that claim was dismissed by judgment as a matter of law. ECF No. 163. Additional claims against the city council members were dismissed by summary judgment. ECF No. 95. The original complaint included a number of state law claims but those were also dismissed via summary judgment. ECF No. 35.

Following mediation and settlement attempts, ECF Nos. 97 & 111, a jury trial was held from July 18, 2016, to July 21, 2016. On July 21, 2016, the jury returned a verdict in favor of Defendants on all remaining claims. ECF No. 179. Plaintiff filed a timely motion for new trial on August 18, 2016, based on claims that (1) two defendants testified falsely; (2) the Court had erroneously granted Defendants' Motion for Judgment as a Matter of Law as to the § 1985 claims; (3) the Court did not adjudicate the facial validity of the notices of trespass under the First and Fourteenth Amendments; (4) the Court did not determine that the notices of trespass were issued in violation of state law; (5) the

1   Court's jury instructions were an incorrect expression of the law; and

2   (5) the verdict was inconsistent with the law. ECF No. 185. Defendants

3   filed a memorandum in opposition to Plaintiff's motion on August 24,

4   2016. ECF No. 187.

5   **II.  Discussion**

6          Under Federal Rule of Civil Procedure 59, a district court may

7   grant a new trial "after a jury trial, for any reason for which a new

8   trial has heretofore been granted in an action at law in federal court."

9   Fed. R. Civ. P. 59(a)(1)(A). Such reasons include claims "that the

10  verdict is against the weight of the evidence, that the damages are

11  excessive, or that, for other reasons, the trial was not fair to the

12  party moving." *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251 (1940).

13  The Ninth Circuit has further clarified the appropriate grounds for

14  granting a new trial, holding: "The trial court may grant a new trial

15  only if the verdict is contrary to the clear weight of the evidence, is

16  based upon false or perjurious evidence, or to prevent a miscarriage of

17  justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007)

18  (quoting *Passantino v. Johnson & Johnson Consumer Prods.,* 212 F.3d 493,

19  510 n.15 (9th Cir. 2000)); *accord Tortu v. Las Vegas Metro. Police*

20  *Dep't*, 556 F.3d 1075, 1087 (9th Cir. 2009). The district court is in

21  the best position to determine whether a new trial is appropriate

22  because "the district court can weigh the evidence and assess the

23  credibility of the witnesses." *Experience Hendrix L.L.C. v.*

24  *Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014). In this

25  case, the Court finds that none of Plaintiff's claims justify granting

26  a new trial.

A.    **Whether Witnesses Testified Falsely**

Plaintiff argues that Defendants Mayor Noski and Chief McElroy committed perjury at trial and seems to suggest that such testimony deprived him of a fair trial. ECF No. 185, at 2–9.

Plaintiff first argues that Mayor Noski's testimony at trial was contradictory to her deposition testimony. ECF No. 185, at 2–4. Specifically, Plaintiff notes that Mayor Noski testified during her deposition that the notice of trespass was related only to Mr. Cronk's threats communicated to Ms. Richardson, and subsequently testified at trial that the first notice of trespass was based on Mr. Cronk's June 2012 encounter with the police at his house.

The Court finds no material discrepancy between Mayor Noski's deposition and trial testimony, much less evidence of perjury. A witness commits perjury when the witness "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94 (1993). At most, it seems that Mayor Noski may have confused the justifications for the two notices of trespass. Mayor Noski's deposition testimony that the notice of trespass was based on Mr. Cronk's interaction with Ms. Richardson is consistent with her trial testimony regarding the second notice of trespass. Regardless, Mr. Cronk was free to introduce the testimony that he perceived to be contradictory, and Mr. Cronk did, in fact, question Mayor Noski as to the content of her deposition testimony. ECF 182, at 26–28. Accordingly, the Court finds that any discrepancy between Mayor

1  Noski's deposition testimony and trial testimony was minor and

2  unintentional, and therefore insufficient to constitute perjury.

3       Plaintiff next argues that Chief McElroy also committed perjury

4  based on discrepancies between his deposition testimony and trial

5  testimony. ECF No. 185, at 4–9. The alleged discrepancy is similar to

6  the alleged discrepancy in Mayor Noski's testimony. Plaintiff notes that

7  Chief McElroy testified during his deposition that the notice of

8  trespass prohibiting Mr. Cronk from entering City Hall — the first

9  notice — was issued based on Mr. Cronk's interaction with Ms.

10 Richardson, but at trial Chief McElroy testified that the first notice

11 was based on an incident at Mr. Cronk's house. ECF No 185, at 4–7. As

12 above, the Court finds that this discrepancy is minor and, if anything,

13 demonstrates only that Chief McElroy had confused the two notices during

14 his deposition testimony. It is undisputed that the first notice of

15 trespass was issued before Mr. Cronk's interaction with Ms. Richardson

16 regarding his lawsuit filed in July 2012. Complaint, *Cronk*, No. 12-CV-

17 5094, ECF No. 1. In addition, Plaintiff had the opportunity to introduce

18 Chief McElroy's deposition testimony during his examination of Chief

19 McElroy and did so in relation to other perceived discrepancies. ECF

20 No. 183, at 25–27. Accordingly, the Court finds that any variations in

21 Chief McElroy's testimony were immaterial, unintentional, and did not

22 constitute perjury so as to effect a miscarriage of justice.

23      **B.    Whether the Court Erred by Granting the Defendant's Motion**

24          **for Judgment as a Matter of Law on Plaintiff's § 1985 claims**

25      Plaintiff also seems to claim that the Court erred by granting

26 Defendant's Motion for Judgment as a Matter of Law as to Plaintiff's

claims under § 1985. ECF No. 185, at 7–9. Plaintiff argues that the Court relied on "pure supposition" and a typographical error to conclude that Defendants had not engaged in a conspiracy to prevent Plaintiff from attending district court hearings in his 2012 lawsuit. ECF No. 185, at 7–9.

In its Order granting in part Defendant's Motion for Judgment as a Matter of Law, the Court explained that Plaintiff had not called any witness from the U.S. Marshals Service and that evidence in the record of Mr. Cronk's 2012 case provided a reasonable basis, other than a conspiracy, for the action taken by the Marshals. ECF No. 163, at 2–3. For that reason, Plaintiff did not satisfy his burden of proof as to the § 1985 claims, and the Court's decision to grant Defendant's motion was appropriate. *Ward v. E.E.O.C.*, 719 F.2d 311, 314 (9th Cir. 1983)("To prove a conspiracy [under § 1985], [Plaintiff] had to show an agreement or 'meeting of the minds' to violate his constitutional rights.").

**C.   Whether the Court Erred by Failing to Determine the Facial Validity of the No Trespass Notices Under the First and Fourteenth Amendments**

Plaintiff's generalized arguments regarding facial challenges under the First and Fourteenth Amendments carry little weight. The issue of facial challenge versus as-applied challenge is not clearly applicable in this case. Because the notices of trespass apply only to Mr. Cronk, it is not clear how the two approaches would vary. *Hoye v. City of Oakland*, 653 F.3d 835, 857 (9th Cir. 2011) ("Because the difference between an as-applied and a facial challenge lies only in whether all or only some of the statute's subrules (*or fact-specific*

*applications*) are being challenged, the substantive legal tests used in the two challenges are 'invariant.'" (emphasis added)). Regardless, the Ninth Circuit has held that "a facial challenge must fail unless, at a minimum, the challenged ordinance is directed narrowly and specifically at expression or conduct commonly associated with expression." *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 950 (9th Cir. 1997)(internal quotation marks omitted). As reflected in the verdict, the jury determined that the notices in this case were reasonable and not motivated by a desire to limit Mr. Cronk's First Amendment rights. Accordingly, any facial challenge to the notices would have failed.

**D.    Whether the Court Erred by Failing to Determine the Validity of the No Trespass Notices Under State and Local Law.**

In his Motion for New Trial, Plaintiff also argues that the Court erred by failing to determine that the notices of trespass were invalid under state and local law. ECF No. 185, at 14–16. In his Motion, however, Plaintiff cites to no statutory provisions that the notices violated. ECF No. 185. More importantly, Plaintiff did not raise this claim in his complaint. *See* ECF No. 1. In his motion for new trial, Plaintiff claims to have briefed the issue of the validity of the notices under state law and cites to ECF Nos. 137 and 72. ECF No. 185, at 15. Nowhere in these filings does Plaintiff argue specific state laws or local ordinances that Defendants violated by issuing the notices of trespass.

Plaintiff contends that "at trial it was settled that, neither of the Notices satisfied the State statutory requirements for a [sic] enforceable ordinance or resolution." ECF No. 185, at 14–16. The question of the validity of the notices, however, was not settled at

trial, as multiple Defendants testified that such a notice of trespass was a standard practice and that the notices in this case complied with the law. *See, e.g.*, ECF No. 182, at 47–48. Accordingly, Plaintiff failed to appropriately plead a claim that the notices were invalid under state law and, regardless of his insufficient pleading, Plaintiff has never provided evidence to support such a claim.

E. **Whether the Jury Instructions Were an Incorrect Expression of the Law that Resulted in a Verdict Inconsistent with the Law**

Plaintiff filed notice with the Court prior to trial that he had no objection or suggested modifications to the Court's preliminary jury instructions. ECF No. 150. Now, in his claim that the Court's jury instructions were erroneous, Plaintiff argues that the Court should have instructed the jury as to the law for determining the type of forum at issue and given the jury guidance as to the definition of reasonableness. ECF No. 185, at 16–17. Plaintiff did not propose an instruction defining reasonableness or instructing the jury as to the law regarding the type of forum at issue. Instead, Plaintiff's proposed jury instructions included the "undisputed fact" that the city council forum at issue was a limited public forum. ECF No. 150, at 9. In addition, Plaintiff's proposed jury instructions 13 through 24 and 26 used the term "reasonable" or "reasonableness" without defining it. Accordingly, Plaintiff has waived the argument that the instructions should have defined reasonableness or allowed the jury to determine the type of forum at issue. *See* Fed. R. Civ. P. 51; *Fireman's Fund Ins. Co. v. Alaskan Pride P'ship*, 106 F.3d 1465 (9th Cir. 1997). Nevertheless,

1    the Court correctly stated that the government buildings at issue

2    included limited public forums and non-public forums. *Reza v. Pearce*,

3    806 F.3d 497 (9th Cir. 2015) ("[C]ity council meetings, where the public

4    has the opportunity to address officers of a local government or local

5    governmental agency, are limited public fora." (citing *White v. City of*

6    *Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990)); *Greer v. Spock*, 424 U.S.

7    828, 836 (1976) (explaining that unless opened to public speech,

8    government property remains a nonpublic forum because the government

9    "has power to preserve the property under its control for the use to

10   which it is lawfully dedicated").

11       **F.    Whether the Verdict is Contrary to the Law Due to Want of**

12           **Evidence**

13       Finally, Plaintiff claims that "no direct evidence was presented

14   concerning any threats to any individual at any time by Plaintiff" and

15   that "each of the defendants testified that at no time did the Plaintiff

16   threaten them or anyone at city council meetings or at anytime." ECF

17   No. 185, at 16. Based on this claim, Plaintiff argues that the jury's

18   verdict was not supported by the evidence. Contrary to Plaintiff's

19   claim, however, multiple witnesses testified as to the threats made by

20   Mr. Cronk, including Defendants Mayor Noski and Chief McElroy. The Court

21   finds that the jury appropriately credited this testimony.

22       Chief McElroy testified that the incident that prompted the first

23   notice of trespass involved threats to staff at the Department of Social

24   and Health Services. ECF No. 182, at 37–38; ECF No. 183, at 69. Mayor

25   Noski testified that she learned of Mr. Cronk making threats to clerk

26   Ms. Richardson on July 18, 2012, and that the second notice of trespass

1    was issued as a result. ECF No. 182, at 29-31. Chief McElroy also

2    testified that the second notice of trespass was prompted by a statement

3    Mr. Cronk made to Ms. Richardson about shooting up the office. ECF No.

4    182, at 43; ECF No. 183, at 71, 75. In fact, Plaintiff introduced an

5    email by Chief McElroy in which Chief McElroy wrote that the first

6    trespass notice was "based solely on safety concerns raised during the

7    past couple of weeks." ECF No. 182, at 45-46. Chief McElroy further

8    explained that the notices were issued based on "concerns for staff

9    safety" in order to give the police the "ability to take enforcement

10   action" and the "ability to control . . . the situation" and to avoid

11   "a situation where we have staff members that feel threatened and cannot

12   conduct business." ECF No. 182, at 47-48. Chief McElroy also indicated

13   that he considered Mr. Cronk to be an "imminent risk" based on an

14   analysis by mental health professionals. ECF No. 182, at 50.

15        Plaintiff also claims that "at trial defendants failed to introduce

16   any direct or circumstantial evidence of city council meeting

17   disruptions or alike caused by the Plaintiff." ECF No. 185, at 18. This

18   is immaterial, as the Defendants did not argue that Mr. Cronk was

19   disruptive at such meetings or that disruptive behavior supported the

20   notices of trespass. Regardless, Chief McElroy did testify that Mr.

21   Cronk "would become agitated and frustrated" at city council meeting.

22   ECF No. 183, at 68.

23        Based on the above statements and the testimony of other witnesses,

24   it is clear that there was substantial evidence to support a finding

25   that Mr. Cronk was reasonably trespassed based on threats he had made

26   and the perception that Mr. Cronk presented a legitimate and imminent

threat to city staff. The jury's verdict is supported by the weight of the evidence presented at trial.

## III. Conclusion

For the above reasons, the Court concludes that Mr. Cronk is not entitled to a new trial because the verdict is not against the weight of the evidence and the trial was fair. Mr. Cronk was not prejudiced by any variation in Mayor Noski and Chief McElroy's deposition and trial testimony, and there is no evidence that Mayor Noski and Chief McElroy committed perjury. In addition, the Court did not err by failing to perform a facial challenge to the notices of trespass under the First and Fourteenth Amendments or by failing to assess the validity of the notices under local or state law. The Court also finds that the jury instructions were not erroneous and that Plaintiff has waived any argument to the contrary. The verdict in this case is based upon substantial evidence presented at trial and, therefore, allowing the verdict to stand will not result in a miscarriage of justice.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff Cronk's Motion for New Trial**, ECF No. 185,** is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 28th day of September 2016.

_____s/Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge